**Affirmed and Memorandum Opinion filed June 27, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00187-CV

## IN THE MATTER OF X.H.

On Appeal from the 313th District Court
Harris County, Texas
Trial Court Cause No. 2022-00900J

## MEMORANDUM OPINION

In this appeal from an order waiving a juvenile court's exclusive original jurisdiction, the sole question presented is whether the evidence is legally and factually sufficient to support a finding of probable cause that appellant had committed the alleged offense of aggravated sexual assault of a child. For the reasons given below, we conclude that the evidence is sufficient to support that finding, and we affirm the juvenile court's order.

## BACKGROUND

When the complainant was twelve years old, she disclosed that she had been sexually assaulted four years earlier, when she was only eight. She initially revealed that the assailant was her father, but then she added that she had also been assaulted separately by appellant, who is her older nephew. At the time of the alleged assault, appellant was sixteen years old. And at the time of the complainant's delayed outcry, appellant was twenty.

CPS investigated the allegations, but ruled out sexual abuse. However, a police officer conducted a separate investigation, and the officer determined that charges should be pursued against appellant (as well as against the complainant's father).

The State filed a petition in juvenile court, alleging that appellant had engaged in delinquent conduct by sexually assaulting the complainant. The State also moved for the juvenile court to waive its exclusive original jurisdiction and transfer appellant to criminal district court.

During the evidentiary hearing on that motion, the State called the investigating officer as its only witness. The officer testified that she did not know for certain why CPS had ruled out sexual abuse, but she explained that she continued her own separate investigation because her priority as an officer was to determine whether criminal conduct had occurred—and not, as with CPS, whether the complainant's safety was presently endangered, which did not appear to be the case given the delayed outcry.

The officer also testified that there was ample indication that appellant had sexually assaulted the complainant. The officer emphasized that the complainant had made consistent allegations against appellant, and those allegations were reflected

in several sources, including a report from the complainant's school, a recorded forensic interview, and certain mental health records. Those sources contained statements from the complainant, who said that appellant would have sex with her vaginally, anally, and orally, as frequently as every day for an entire summer. The complainant also said that these assaults would occur either at appellant's house or at a neighborhood park, that white liquids would come out of appellant's body, and that she would sometimes bleed after the assaults.

The defense called a forensic scientist as its only witness, and he asserted that there were many reasons to question the complainant's credibility. The scientist first drew attention to the complainant's statements that some of the sexual assaults had occurred in a bedroom, which she contemporaneously shared with her brothers. The scientist suggested that the complainant could not be credible because the brothers never witnessed any assaults. The scientist also pointed out that the complainant did not identify appellant as an assailant in her initial disclosures. Finally, the scientist emphasized that there was no physical evidence of a sexual assault. The scientist acknowledged that there might not be evidence of physical injury in a case with a delayed outcry because the human body is capable of healing, but the scientist opined that a prepubescent girl who was allegedly assaulted every day for an entire summer (or even just a month) would suffer some form of scarring, and yet the complainant had no scars. The scientist mentioned a report that supposedly said that the complainant's hymen was uninterrupted, but the report itself was not admitted into evidence.

The scientist also criticized the investigative process. He believed that the complainant was asked leading questions during one of her interviews, instead of open-ended questions, which is a considered a best practice. He also believed that the officer failed to conduct a more thorough investigation or to follow leads that

might be exculpatory for appellant. The scientist also opined that the officer improperly commingled the case against the complainant's father with the case against appellant, and that this commingling had the effect of introducing bias into the investigation of appellant.

On cross-examination, the scientist acknowledged that the degree of scarring would depend on a person's sexual maturity, which varies on a case-by-case basis. The scientist also admitted that he did not actually review any audio or visual recordings of the complainant's interviews. Rather, he only reviewed notes of the interviews.

After taking the case under advisement, the juvenile court found that there was probable cause to believe that appellant had sexually assaulted the complainant. The juvenile court accordingly signed an order waiving its exclusive original jurisdiction. Appellant now challenges that order.

## ANALYSIS

The juvenile court has exclusive original jurisdiction in all cases where a person is alleged to have engaged in delinquent conduct at a time when the person was between the ages of ten and seventeen. *See* Tex. Fam. Code § 51.04(a). But a juvenile court can waive that jurisdiction under certain circumstances. As applicable here, a juvenile court can waive its jurisdiction and transfer a person to a criminal district court for criminal proceedings if (1) the person is presently eighteen years of age or older; (2) the person is alleged to have committed a first degree felony between the ages of fourteen and seventeen; (3) no adjudication of the alleged offense has been made; (4) for reasons beyond its control, the State could not proceed in juvenile court before the person's eighteenth birthday; and (5) the juvenile court determines that there is probable cause to believe that the person committed the offense alleged. *See* Tex. Fam. Code § 54.02(j).

4

When the juvenile court signed its transfer order, it made each of these necessary findings. Appellant now challenges whether the evidence is legally and factually sufficient to support the final finding of probable cause.

Probable cause is not statutorily defined, but this court has determined that probable cause exists when there are "sufficient facts and circumstances to warrant a prudent man to believe that the suspect had committed or was committing an offense." *See In re D.W.L.*, 828 S.W.2d 520, 524 (Tex. App.—Houston [14th Dist.] 1992, no writ). This standard of proof is not especially burdensome because the purpose of a probable-cause finding is simply to establish that there are enough facts to hold the accused for trial. *Id.* This standard can be satisfied by hearsay and written testimony, without a more searching exploration into a case's merits. *Id.* Also, this standard does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands. *Id.*

When considering whether the evidence is legally sufficient to support the juvenile court's finding of probable cause in this case, we credit all evidence favorable to the finding and disregard contrary evidence unless a reasonable factfinder could not reject the evidence. *See In re C.M.M.*, 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). If more than a scintilla of evidence supports the finding, then the evidence is legally sufficient. *Id.*

The officer here testified that the complainant claimed that appellant sexually assaulted her every day over the course of a summer. According to the officer, the complainant also stated that she saw white liquids come out of appellant's body, and that she sometimes bled after the assaults. This hearsay testimony is more than a scintilla of evidence to warrant a belief that appellant had committed an offense. Accordingly, we conclude that the evidence is legally sufficient to support the juvenile court's finding of probable cause.

We now turn to the issue of factual sufficiency, which appears to be the primary focus of appellant's brief. When considering whether the evidence is factually sufficient to support the juvenile court's finding of probable cause, we consider all of the evidence presented to determine if the juvenile court's finding is so against the great weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust. *Id.*

Appellant contends that the juvenile court's finding of probable cause is outweighed by multiple countervailing factors. He begins by emphasizing the report from CPS, which ruled out sexual abuse. However, the State addressed this report during the hearing. The State's investigating officer testified that she did not know how CPS had reached its determination, but the officer suggested that the determination might have been influenced by the passage of time between the alleged assault and the complainant's delayed outcry.

Appellant also argues that the juvenile court's finding is outweighed by the evidence that the complainant's initial outcry had only implicated her father. Nevertheless, the State's investigating officer testified that the complainant subsequently made consistent allegations against appellant, which the juvenile court was entitled to credit. Appellant criticizes the officer for never interviewing the complainant, but the officer had access to recordings of other interviews, and the notes of their interviewers.

Appellant suggests next that the evidence is factually insufficient because there were no witnesses with firsthand knowledge of the assaults, and because the complainant's brothers denied any awareness of the assaults occurring in their shared bedroom. But the complainant is a firsthand witness, and her testimony in a criminal prosecution would be sufficient by itself to support a conviction beyond a reasonable doubt. *See* Tex. Code Crim. Proc. art. 38.07. Also, even if the brothers

did not witness any assaults occurring in their shared bedroom, there was no evidence to negate the complainant's claim that the assaults also occurred at a neighborhood park, where no one else was around.

Appellant turns next to the absence of physical evidence, like injuries or scars. This point was also addressed in the hearing. The defense's forensic scientist acknowledged that signs of injury would not be expected after such a prolonged delay, because the body is capable of healing. And even though the scientist opined that scars would be expected in the complainant's case, because she was so young and because the alleged assaults were so frequent, the scientist further recognized that each person is different.

Appellant finally argues that the juvenile court's finding is outweighed by evidence of pervasive bias in the investigative process, such as the interviewers' use of leading questions and the commingling of allegations against appellant and the complainant's father. But the scientist who advanced this theory of bias admitted that he did not even review the audio and visual recordings of any interviews.

Considering all of the evidence in a neutral and fair light, we cannot say that the juvenile court's finding of probable cause was so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

## CONCLUSION

The juvenile court's order waiving its exclusive original jurisdiction is affirmed.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.

7